

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-28-2007

# Lee v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3396

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Lee v. Comm Social Security" (2007). *2007 Decisions.* Paper 359.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/359

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 06-3396

BLANCHE D. LEE,

Appellant

v.

COMMISSIONER SOCIAL SECURITY,
JO ANNE B. BARNHART

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 04-CV-1767
District Judge: The Honorable William Ditter, Jr.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 19, 2007

Before: SLOVITER, SMITH, and GARTH, *Circuit Judges*

(Filed:   September 28, 2007)

OPINION

SMITH, *Circuit Judge*.

 Blanche D. Lee appeals from the judgment of the District Court for the

1

Eastern District of Pennsylvania, which affirmed the final decision of the Commissioner of Social Security denying Lee's application for disability insurance benefits under Title II of the Social Security Act.[1]  Our review is limited to determining whether there is substantial evidence to support the Commissioner's decision.  42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).  For the reasons set forth below, we will affirm the judgment of the District Court.

Lee applied for disability benefits in July of 1997, alleging an onset of disability in October of 1993 as a result of injuries sustained at work when she fell down several stairs.  The Administrative Law Judge ("ALJ") concluded that Lee was not disabled before December 31, 1998, her date last insured, and denied her application for benefits in March of 1999.  Lee appealed to the United States District Court.  The Commissioner moved to remand, and the Court granted the motion.

At a second hearing, Lee amended her application because she had obtained employment as an airport security screener in August of 2002.  Her amended

---

[1]The District Court had jurisdiction under 42 U.S.C. § 405(g).  We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291.

2

application revised the alleged onset date of her disability from October of 1993, when she was initially injured at work, to December of 1996, and sought a closed period of disability from December of 1996 to July of 2002. The ALJ denied Lee's amended application. Lee's second appeal to the District Court was unsuccessful. This timely appeal followed.

Lee argues that the ALJ failed to comply with the remand order of the District Court. We are not persuaded. The remand order declined to limit the scope of the remand and remanded the case in its entirety so it could be consolidated with the pending supplemental security income claim and resolved in a comprehensive and updated decision. This directive was embraced by the Appeals Council, which identified several issues to be considered. Before the ALJ, however, the complexion of the case changed as the plaintiff amended her claim at a second hearing, altering her alleged onset date and seeking only a closed period of disability. The ALJ's analysis appropriately proceeded based on this amended application and the new evidence offered during the second hearing.

This new evidence included the fact that Lee had returned to the workforce in August of 2002 as an airport security screener. Lee contends that the ALJ erred by considering this fact as determinative of her medical status before her date last insured. We agree that Lee's return to work is not dispositive of her eligibility for

3

a closed period of disability. Lee's ability to work on a sustained basis, however, was relevant. We conclude that her return to the workforce was appropriately considered by the ALJ in resolving Lee's application for a closed period of disability from December of 1996 to July of 2002, the month immediately preceding her return to the workforce as an airport security screener.

Lee asserts that the ALJ erred by discounting the opinions of her treating physicians, Dr. Costello, Dr. Tabby, and Dr. Bell. Our review shows that the ALJ accorded great weight to the opinions of the treating doctors in finding that Lee was limited to work of a light or sedentary nature during the applicable period. It is true that this finding does not fully credit the opinions of these physicians. This was not error, however, as the ALJ explained that there were significant gaps in the treatment records of these physicians, which suggested that Lee was not suffering to the extent she claimed, and that some of the documentation in the records contradicted her claims of complete disability. For example, the ALJ pointed out that Dr. Costello, who regularly provided facet blocks to relieve Lee's back pain, did not evaluate Lee during the first eight months of 1997, a period immediately following the amended onset date of disability. Dr. Tabby did not evaluate Lee during the sixteen months preceding her return to the workforce.

With respect to Dr. Bell, we conclude that the ALJ appropriately discounted

4

his opinion. As the ALJ noted, the record shows that the majority of Dr. Bell's progress notes failed to assess her mental status, and that her treatment was limited in time, lasting from July of 1997, seven months after the alleged onset of disability, until only September of 1998.

Lee submits that she was limited as a result of carpal tunnel syndrome in the use of her upper extremities for fingering and feeling, and that the ALJ erred by discounting these limitations. We do not find any error in the ALJ's analysis in this regard. The ALJ pointed out that in the first decision Lee had testified that these limitations affected her non-dominant hand, and were consistent with her physician's view that her condition was mild in character. Upon remand, as the ALJ noted, there was an absence of any medical documentation that these limitations were disabling.

Lee contends that the ALJ erroneously found that her mental impairment was not severe. This finding is supported by substantial evidence as it is consistent with the opinion of the state agency consultative doctor. The ALJ appropriately cited this fact in support of her finding, together with the lack of any medical documentation indicative of a severe mental impairment.

Lee faults the ALJ for only partially crediting her testimony. The contrast between Lee's testimony and the medical documentation, as the ALJ noted,

supports the determination that Lee was not fully credible.

Finally, we reject Lee's argument that the hypothetical posed by the ALJ to the vocational expert was inadequate because it failed to include her mental limitations and her non-exertional limitations. There was no need to include a mental impairment in the hypothetical as the determination that her condition was not severe was supported by substantial evidence. The ALJ accounted for Lee's non-exertional limitations by posing a hypothetical that sought information about work of a light to sedentary level.

In sum, we conclude that there is substantial evidence to support the ALJ's determination that Lee was not disabled for a closed period of time. Accordingly, we will affirm the judgment of the District Court.